**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**KWASI MCKINNEY**                                                        **PETITIONER**
**ADC #137065**

**V.**                                    **No. 4:25-cv-01212-JM-ERE**

**DEXTER PAYNE,**
**Director, Arkansas Division Correction**                               **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge James M. Moody Jr. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

**I.      Summary**

Kwasi McKinney, an inmate at the East Arkansas Regional Unit of the Arkansas Division of Correction, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. He asks the Court to vacate a criminal conviction for a sentence that has fully expired. McKinney's petition should be dismissed without prejudice for lack of subject matter jurisdiction.

## II.    Background

On November 17, 2005, Mr. McKinney pleaded guilty in the Circuit Court of Columbia County, Arkansas to one count of illegal use of a communication facility, and he was sentenced to five years' probation. *Doc. 7 at 9*. On September 18, 2006, the trial court revoked Mr. McKinney's probation and sentenced him to five years in prison and imposed an additional five-year suspended sentence.[1] *Id. at 12*. It is undisputed that when Mr. McKinney initiated this habeas action, his revocation sentence had fully expired, and he is currently in custody pursuant to a separate, unrelated judgment. See *Doc. 4 at 4, 5, 11*.

On November 19, 2025, Mr. McKinney filed the habeas petition now before the Court (*Doc. 2*), and on December 3, 2025, he filed an amended petition. *Doc. 4*. He alleges that two months before his guilty plea, the Arkansas Code Revision Commission struck the state statute prohibiting the illegal use of a communications facility and "abolished" the crime "in its entirety."[2] *Doc. 4 at 16*.

---

[1] Upon revoking Mr. McKinney's probation, the trial court was authorized to impose any sentence that might have been imposed for the original offense. *Lee v. State*, 2010 Ark. 261, 3 (2010).

[2] In 2005, the Arkansas legislature revised the state's criminal statutes and moved several criminal statutes to new locations in the Arkansas Criminal Code. See Ark. Acts of 2005, Act 1994, § 305, eff. Aug. 12, 2005. According to legislative history notes, the state's statute prohibiting illegal use of a communications facility, currently codified at Ark. Code. Ann. § 5-64-404, has existed without interruption for over fifty years.

On January 29, 2026, Respondent filed a motion to dismiss, asserting that Mr. McKinney is not "in custody" for purposes of § 2254(a), and the Court therefore lacks subject matter jurisdiction to entertain his petition.[3] *Doc. 8*.

On March 4, 2026, Mr. McKinney filed a reply addressing Respondent's arguments in support of dismissal. *Doc. 13*.

## III. Discussion

The federal habeas statute confers jurisdiction on district courts provided that habeas relief is sought by a person who is "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). To satisfy the "in custody" requirement, the person seeking habeas relief must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491 (1989). "[O]nce the sentence imposed for a conviction has completely expired, an individual is not 'in custody' under that conviction for purposes of a habeas corpus attack," and a federal court lacks jurisdiction to entertain a petition challenging that conviction or sentence. *Taylor v. Armontrout*, 877 F.2d 726, 726-27 (8th Cir. 1989) (citing *Meleng*).

---

[3] Respondent argues that even if the custody requirement were met, Mr. McKinney's petition is time barred, and the petition should be dismissed with prejudice. *Doc. 8 at 4*. Because subject matter jurisdiction is lacking, dismissal must be without prejudice, and the Court lacks authority to consider any other procedural or substantive issues.

It is undisputed that when Mr. McKinney filed his petition, his sentence for the challenged conviction had fully expired, and he was in custody on an unrelated conviction. As a result, Mr. Mr. McKinney fails to meet the "in custody" requirement for federal habeas jurisdiction.

## IV.   Conclusion

IT IS THEREFORE RECOMMENDED that:

1.   Respondent's motion to dismiss (*Doc. 7*) be GRANTED and Petitioner Kwasi McKinney's petition (*Doc. 2*) and amended petition (*Doc. 4*) be DISMISSED, without prejudice.

2.   A Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.[4]

Dated 10 April 2026.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] A certificate of appealability should be denied because Mr. McKinney has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003).